## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (WESTERN DIVISION)

| | |
|---|---|
| PAUL FOURNIER, individually and on behalf of all others similarly situated, | |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| v. | |
| SCUDERI GROUP, INC., a Delaware Corp., SCUDERI GROUP, LLC, a Massachusetts Limited Liability Company, SALVATORE SCUDERI, DEBORAH SCUDERI, STEPHEN SCUDERI, NICHOLAS SCUDERI, AND RUTH SCUDERI, | Civil Action No. |
| Defendants. | |

## COMPLAINT

1.      Plaintiff Paul Fournier ("Plaintiff"), by and through his attorneys, individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendants SCUDERI GROUP, INC., a Delaware Corp., SCUDERI GROUP, LLC, a Massachusetts Limited Liability Company,  SALVATORE SCUDERI, DEBORAH SCUDERI, STEPHEN SCUDERI, NICHOLAS SCUDERI, AND RUTH SCUDERI ("Defendants"), and alleges as follows:

## PRELIMINARY STATEMENT

2.      This is a class action arising from Defendants' offering of securities in violation of the Securities Act of 1933, 15 U.S.C. § 77, et al. (the "Securities Act"), and the Massachusetts Uniform Securities Act, M.G.L. c. 110A (the "Massachusetts Securities Act").

3.      On May 30, 2013, the Securities and Exchange Commission ("SEC") commenced cease-and-desist proceedings against Scuderi Group, Inc. ("Scuderi Group") and Salvatore Scuderi ("Salvatore Scuderi") pursuant to Section 8A of the Securities Act (the "Cease-and-

Desist Proceedings"). The SEC's Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings and Imposing Remedial Sanctions and Cease and Desist Order is attached hereto as Exhibit A (the "SEC Order").

4.      In the SEC Order, the SEC found that Scuderi Group's offerings of unregistered preferred units between 2004 and 2012, failed to qualify for exemption from registration because Scuderi Group made offerings that substantially exceeded the Regulation D investor limits; failed to provide investors audited financial statements; and, at Salvatore Scuderi's direction, engaged in a plan to evade the registration requirements. Thus, the SEC found that offerings were made in violation of the Securities Act. For the same reasons, the offerings violated the Massachusetts Securities Act.

5.      To settle the Cease-and-Desist Proceedings, the Scuderi Group and Mr. Scuderi agreed to cease and desist from committing or causing any violations and any future violations of Sections 5 of the Securities Act, and Mr. Scuderi personally agreed to pay a civil money penalty in the amount of $100,000 to the SEC.

6.      As detailed below, Defendants unlawfully offered unregistered securities in violation of Sections 5 and 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e, 77l(a)(1), and Sections 301 and 401(a)(1) the Massachusetts Securities Act, G.L. c. 110A, §§ 301, 410(a)(1). Furthermore, Defendants made untrue statements of material fact and/or omitted material facts in the confidential offering memoranda for offerings of securities which they knew or could have, had they exercised reasonable care, known were untrue in violation of Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), and Section 410(a)(2) of the Massachusetts Securities Act, M.G.L. c. 110A, § 410(a)(2). Defendants Salvatore Scuderi, Deborah Scuderi, Stephen Scuderi, Nicholas Scuderi and Ruth Scuderi (the "Individual Scuderi Defendants") are also liable under

Section 15 of the Securities Act, 15 U.S.C. § 77(a), and Section 410(a) of the Massachusetts

Securities Act, M.G.L. c. 110A, § 410(b), as control persons of Scuderi Group.

7.     By reason of the foregoing violations of the Securities Act and the Massachusetts

Securities Act, Plaintiff and the Classes below, are entitled to recover from Defendants the

consideration paid for the securities, together with interest, costs and reasonable attorneys' fees.

15 U.S.C. § 77l; M.G.L. c. 110A, § 410.

8.     Further, under *Frishman v. Maginn*, 75 Mass. App. 103 (2009), the agreements to

sell the unregistered securities in violation of state securities laws are void as against

Massachusetts public policy.

## PARTIES

9.     Plaintiff Paul Fournier is a resident of Granby, Massachusetts.  He purchased

preferred units in Scuderi Group between March, 2006 and March, 2011, as indicated in the

attached certification.

10.     At all relevant times, Defendant Scuderi Group, LLC and its successor in interest

Scuderi Group, Inc., (collectively "Scuderi Group") have been a family-run company with a

principal place of business in West Springfield, Massachusetts.  From the date of its organization

on April 19, 2002, until January 30, 2013, Scuderi Group, LLC was organized as a domestic

limited liability company under Massachusetts law.  On or about January 30, 2013, Scuderi

Group, LLC merged with and re-incorporated itself as a Delaware corporation named Scuderi

Group, Inc.  Scuderi Group is the issuer that offered and sold the preferred units in Scuderi

Group at issue in this litigation.

11.     Defendant Salvatore Scuderi is a resident of Westfield, Massachusetts.   At

relevant times he was a co-manager of Scuderi Group, LLC, and President and a Director of

Scuderi Group, Inc.  He has led Scuderi Group's capital raises, prepared its offering memoranda, and signed every Scuderi Group Form D filing since 2002.  According to Scuderi Group's private placement memoranda and its website, Salvatore Scuderi is responsible for the Scuderi Group's overall operations and business strategy.  Salvatore Scuderi is sued for his primary violations of the Securities Act and the Massachusetts Securities Act, as a control person of the Scuderi Group under the Securities Act and the Massachusetts Securities Act, and as an aider and abettor under the Massachusetts Securities Act.

12.    Defendant Deborah Scuderi is a resident of Feeding Hills, Massachusetts. According to Scuderi Group's filings with the Secretary of State for the Commonwealth of Massachusetts (the "Secretary"), Deborah Scuderi was a co-manager of Scuderi Group, LLC and Treasurer of Scuderi Group, Inc.  Deborah Scuderi is a control person of the Scuderi Group under the Securities Act and the Massachusetts Securities Act.

13.    Defendant Stephen Scuderi is a resident of Westfield, Massachusetts.  At relevant times, he was a manager of Scuderi Group, LLC and a director of Scuderi Group, Inc. According Scuderi Group's private offering memorandum dated January 1, 2005, and its private offering memorandum dated January 25, 2010, Stephen Scuderi was legal counsel for Scuderi Group, and one of its managers.  Stephen Scuderi is a control person of the Scuderi Group under the Securities Act and the Massachusetts Securities Act.

14.    Defendant Nicholas Scuderi is a resident of Feeding Hills, Massachusetts.  At relevant times, he was a manager of Scuderi Group, LLC and a director of Scuderi Group, Inc. According to Scuderi Group's private offering memorandum dated January 25, 2010, Nicholas Scuderi was Vice President of Sales for Scuderi Group, and one of its managers.  Nicholas

Scuderi is a control person of the Scuderi Group under the Securities Act and the Massachusetts Securities Act.

15.    Defendants Salvatore Scuderi, Deborah Scuderi, Stephen Scuderi, and Nicholas Scuderi shall sometime be referred to collectively as the "Individual Scuderi Defendants."

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Sections 12 and 22 of the Securities Act, 15 U.S.C. § 77l and 77v.  This court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

17.    Venue is proper in Massachusetts pursuant to § 22(a) of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1391(b).  All Defendants reside or maintain places of business within Massachusetts, and the events giving rise to the violations complained of herein took place in Massachusetts.

18.    In connection with the acts alleged in this Complaint, Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the mails, interstate telephone and email communications.

## FACTUAL ALLEGATIONS

19.    This action arises out of the offer and sale of unregistered, non-exempt securities and inaccurate disclosures regarding the use of offering proceeds by Scuderi Group and Salvatore Scuderi, the Company's president.

20.    Founded in 2002, Scuderi Group has purportedly been in the business of developing a new internal combustion engine design.  Scuderi Group's business plan is claimed to develop, patent and license its engine technology to automobile companies and other large

engine manufacturers.  Scuderi Group, which considers itself a development stage company, has not generated any revenue.

21.     Between 2004 and 2011, Scuderi Group sold more than $80 million worth of preferred units through offerings that were not registered with the SEC or the Secretary, or exempt from registration.

22.     Scuderi Group has funded its operations by raising $80 million from individual investors and investment clubs.  Scuderi Group and Salvatore Scuderi raised these funds through at least six offerings in which it sold "preferred units" to at least 415 investors.  Scuderi Group never registered any of its offerings with the SEC, claiming that they were exempt under Securities Act Section 4(2) and/or the Regulation D Rule 504 or 506 safe harbors.  Scuderi Group never registered any of it offerings with the Secretary, relying upon the coordination provisions set forth in Section 302 of the Massachusetts Securities Act, M.G.L. c. 110A, § 302, and claiming that the preferred units were exempt from registration under the Massachusetts Securities Act pursuant to 950 C.M.R. 14.402(B)(13)(I).

23.     In fact, Scuderi Group's offerings failed to qualify for the registration exemptions under the Securities Act and the Massachusetts Securities Act because Scuderi Group made offerings that substantially exceeded the Regulation D investor limits; failed to provide investors audited financial statements; and, at Salvatore Scuderi's direction, engaged in a plan to evade the registration requirements, by creating investment clubs and trusts which were designed to skirt the unaccredited investor limitations in the Securities Act.

24.     Salvatore Scuderi drafted Scuderi Group's private placement memoranda, which informed investors that Scuderi Group intended to use the proceeds from its offerings for "general corporate purposes, including working capital."   In fact, the company was making

significant payments to Scuderi family members for non-corporate purposes, including, large, *ad hoc* bonus payments to cover personal expenses; payments to family members who provided no services to Scuderi; loans that were undocumented, with no written interest and repayment terms; large loans to fund $20 million personal insurance policies for which the company has not been, and will not be, repaid; and personal estate planning services. Between 2008 and 2011, a period when Scuderi Group sold more than $75 million in securities despite not obtaining any revenue, Salvatore Scuderi authorized more than $3.2 million in Scuderi Group spending on such purposes.

**A.**    **Scuderi Group and Salvatore Scuderi Offered and Sold the Preferred Units in Violation of the Registration Requirements of the Securities Act and the Massachusetts Securities Act Because the Units Were Neither Registered Nor Exempt from Registration.**

25.    Scuderi Group and Salvatore Scuderi violated the registration requirements of the Securities Act and the Massachusetts Securities Act because they offered and sold preferred units in Scuderi Group that were not registered under either Act or exempt from registration.

26.    The preferred units at issue are securities as defined by Section 2(a)(1) of the Securities Act and Section 401(k) of the Massachusetts Securities Act, subjecting them to the Acts' registration requirements. However, the preferred units are not covered securities, under the National Securities Market Improvement Act ("NSMIA"), 15 U.S.C. § 77r(a)(1)(a) because the securities did not qualify for an exemption under Regulation D. The preferred units also are not covered securities under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1)(A), because, among other reasons, they were not listed on a national securities exchange.

27.    Section 5 of the Securities Act makes it unlawful to use the instruments of interstate commerce or the mails, to sell a security unless a registration statement is in effect, or

unless the security or transaction is exempt from registration under Section 3 or Section 4 of the Securities Act.

28.     Section 301 of the Massachusetts Securities Act makes it unlawful for any person to offer or sell any security in Massachusetts unless it is registered under Chapter 110A or the security or transaction is exempt from registration under Section 402 of the Massachusetts Securities Act.

29.     Scuderi Group purportedly relied upon the exemption set forth in Regulation D promulgated under the Securities Act to obviate the need for registration under the Securities Act.

30.     Scuderi purportedly relied upon the exemption in 950 C.M.R. § 14.402(B)(13)(i), promulgated under the Massachusetts Securities Act, which provides that "[a]ny offer or sale of securities offered or sold in compliance with the Securities Act of 1933, Regulation D, Rule 505 and/or 506 (17 C.F.R. 230.505 and 506), including any offer or sale made exempt by application of Rule 508(a) (17 C.F.R. 230.508(a))," and which satisfies, *inter alia*, the following further conditions and limitations:

> No commission, discount, fee or other remuneration shall be paid or given, directly or indirectly to any person for soliciting any prospective purchaser in the Commonwealth unless such person is either registered in this Commonwealth pursuant to M.G.L. c. 110A, § 201, or is exempt from registration thereunder; provided, however, it is a defense to a violation of 950 C.M.R. 14.402(B)(13)(i) if the issuer sustains the burden of proof to establish that the issuer did not know and in the exercise of reasonable care could not have known that the person who received a commission, discount, fee or other remuneration was not properly registered in this Commonwealth pursuant to M.G.L. c. 110A, § 201 or properly exempt from such registration.

31.     According to the private placement memoranda ("PPMs") drafted by Salvatore Scuderi for each of the offerings, the "securities offered hereby have not been registered under the Securities Act of 1933, as amended, the securities laws of the Commonwealth of

Massachusetts, or under the Securities Laws of any other state or jurisdiction in reliance upon the exemptions from registration provided by the Securities Act and Regulation D promulgated thereunder, and the comparable exemptions from registration provided by other applicable securities laws."

32.     The preferred units were not exempt from registration under the Securities Act and Regulation D because (a) the number of unaccredited investors in the offering exceeded the Regulation D unaccredited investor limit of 35 unaccredited investors and (b) Scuderi Group failed to provide unaccredited investors with audited financial statements material to their investment.

33.     The preferred units also were not exempt from registration under the Massachusetts Securities Act because (a) the units were not sold in compliance with Regulation D and (b) on information and belief, remuneration was paid directly or indirectly to persons, who solicited prospective purchasers in Massachusetts, and he was neither registered as a broker-dealer or agent under Section 201 of the Massachusetts Securities Act, nor exempt from registration as a broker-dealer or agent under Section 201.

(i)     **The Scuderi Group Offerings Exceeded the Regulation D Investor Limits.**

34.     Scuderi Group's private placement memoranda and subscription agreements with investors reflect the following sales of Scuderi Group preferred units during the period 2004-2012:

| PPM Date | Date of First Sale in Offering | Date of Last Sale in Offering |
|---|---|---|
| January 2004 | January 2004 | October 2005 |
| July 2004 | September 2004 | December 2004 |
| January 2005 | December 2004 | July 2008 |
| December 2005 | July 2005 | August 2006 |
| December 2007 | January 2008 | July 2010 |
| January 2010 | February 2010 | July 2012 |

35.     In connection with these offerings, Scuderi Group disseminated more than 3,000 PPMs to potential investors, directly and through third parties.  Scuderi Group found these potential investors by, among other things, conducting hundreds of road shows across the United States; hiring a registered broker-dealer to find investors; and paying numerous intermediaries to encourage people to attend meetings that Scuderi Group arranged for potential investors.

36.     Salvatore Scuderi participated in the road shows, directly solicited investments, and according to the findings in the SEC Order, directly participated in writing the PPMs.  The other Individual Scuderi Defendants participated in the road shows as well.

37.     According to the findings in the SEC Order, although ostensibly comprised of discrete offerings, Scuderi Group's offers and sales of securities constituted one integrated

offering.  Scuderi Group conducted, in essence, one continuous offering for over eight years, from January 2004 through July 2012.

38.     Scuderi Group sold its preferred units pursuant to a single plan of financing. Scuderi Group funded its purported research, operations, and marketing exclusively through the sale of these units.  Scuderi Group's stock sales have been for the same general purpose that the company identified in 2002:  building business by developing patents; building a working engine prototype; negotiating licensing agreements; and expanding corporate operations.  The company has always sold the same class of securities and received cash consideration for the vast majority of its shares.

39.     Scuderi Group's own documents reflect that, in total, over 90 of the company's investors were non-accredited investors, which exceeded the Regulation D Rule 506 limit of 35 non-accredited investors when the offerings are integrated.

40.     Scuderi Group engaged in several practices that improperly reduced the number of non-accredited investors recorded on its books.  In connection with its 2007 and 2010 offerings, Scuderi Group purportedly avoided exceeding Regulation D's limit of 35 non-accredited investors by facilitating the formation of investment entities created for the purpose of investing in the company.  Mr. Scuderi reviewed operating agreements and investor subscription questionnaires subsequently used by the supposedly independent investment entities.  In one instance, Scuderi Group sold more than $3.8 million in preferred units to at least three non-accredited "Air Hybrid Investment" clubs whose operating agreements said they were "organized to invest in the Scuderi Group" and provided a "one to one equivalency between a unit in [the club] and a [Scuderi Group] unit. . . ."  Scuderi Group tallied only the three non-

accredited clubs on its shareholder list, even though more than 140 individual investors purchased company preferred units through the clubs.

41.     Scuderi Group repeatedly sold stock to multiple tenants in common while recording only one owner of record.  Scuderi Group also classified more than a dozen investors as accredited even though they had submitted documents indicating they were non-accredited investors.

42.      In addition to the foregoing methods that Scuderi Group used to avoid the limitation of 35 non-accredited investors, which the SEC identified in its Order, Scuderi Group also helped investors form trusts and partnerships to aggregate the claims of unaccredited investors, and further skirt the non-accredited investors limits set forth in Regulation D.

### (ii)     Scuderi Group Failed to Provide Non-Accredited Investors With Audited Financial Statements That Were Material to Their Investments.

43.     Issuers of more than $1 million in securities can only obtain the Regulation D registration exemption if they provide non-accredited investors audited financial statements material to their investment.

44.     There were no audited financial statements or balance sheets included in the private offering memoranda that were given to investors.

45.     In addition, Scuderi Group never obtained audited financial statements and never provided them to its non-accredited investors.

46.     This would have been material to investors because audited financial statements would have revealed that Scuderi Group engaged in significant related-party transactions, including, among other things, loans to Scuderi family members, without documented interest or repayment terms, and payments to family members who were not employees.

    **(iii)**    <u>**Scuderi Group Failed to Comply with Rule 503 of Regulation D.**</u>

47.    Scuderi Group and Salvatore Scuderi failed to comply with Rule 503 by making inaccurate statements in five Forms D filed with the SEC.  In Forms D filed in January 2008 and April 2008, Scuderi Group incorrectly stated that it had not sold any securities to non-accredited investors in connection with those offerings.  In Forms D filed in February 2005, December 2005, and February 2010, Scuderi Group incorrectly stated that the company had not sold securities to any investors as of the filing dates.  Scuderi Group also failed to comply with Rule 503 by failing to file Forms D within fifteen days of the first sale of securities in connection with the company's January 2005 and December 2005 offerings and failing to file an amended Form D in February 2011 for an offering that had continued for a year.

    **(iv)**    <u>**Scuderi Group and Salvatore Scuderi Violated Sections 5 and 12(a)(1) of the Securities Act and Section 301 and 410(a) of the Massachusetts Securities Act Which Prohibit the Offer or Sale of Securities Without a Registration Statement or An Exemption from Registration.**</u>

48.    As a result of the conduct described above, Scuderi Group and Salvatore Scuderi violated Section 5 the Securities Act, which prohibits the offer or sale of securities without a registration statement in effect or an exemption from registration.

49.    As a result of the conduct described above, Scuderi Group and Salvatore Scuderi violated Section 301 of the Massachusetts Securities Act, which makes it unlawful for any person to offer or sell any security in Massachusetts unless it is registered under Chapter 110A or the security or transaction is exempt from registration under Section 402 of the Massachusetts Securities Act.

50.    Under Section 12(a)(1) of the Securities Act and Section 410(a) of the Massachusetts Securities Act, Plaintiff and the members of the Nationwide and Massachusetts Classes, may recover from Scuderi Group and Salvatore Scuderi the consideration paid for such

security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or damages if he no longer owns the security.

**B.**     **Scuderi Group and Salvatore Scuderi Sold the Preferred Units By Means of Untrue Statement of Material Facts and Omissions of Material Facts, Necessary In Order to Make the Statements, in Light of the Circumstances in Which They Were Made, Not Misleading.**

51.     Scuderi Group and Salvatore Scuderi made inaccurate disclosures regarding the use of offering proceeds.  In PPMs dated December 21, 2007 and January 25, 2010 that Salvatore Scuderi prepared, Scuderi Group said that it planned to use the net proceeds from the offerings "for general corporate purposes, including working capital."  The PPMs provided that Scuderi Group could pay management bonuses at the discretion of its Board of Directors. Scuderi Group sold securities pursuant to these PPMs from 2008 to 2012, raising approximately $75 million.  Scuderi Group's disclosures gave investors the misleading impression that the company would use the offering proceeds only for the direct benefit of the company.  Instead, at Mr. Scuderi's direction, Scuderi Group used a material portion of the proceeds for the direct benefit of the Scuderi family.

52.     Scuderi Group's and Salvatore Scuderi's disclosures were inaccurate because they failed to inform investors that the company, at Salvatore Scuderi's direction, had been, and was planning to continue, using a significant portion of the proceeds from securities offerings to make large, *ad hoc* bonus payments to Scuderi family employees to cover personal expenses; payments to family members who provided no services to the company; loans to Scuderi family members, without documented interest or repayment terms; large loans to fund $20 million personal "split-dollar" insurance policies for six of the Scuderi siblings for which the company has not been, and will not be, repaid; and personal estate planning services for the Scuderi family.  Scuderi Group did not have a Board of Directors; all payments were made at Mr.

Scuderi's sole direction.  In total, from 2008 to 2011, Scuderi Group, at Mr. Scuderi's direction, used at least $3.2 million, or 4.3% percent, of the offering proceeds to benefit the Scuderi family personally over and above the usual compensation that the Scuderi family employees received.

53.     According to the findings in the SEC Order, seven Scuderi family members who were Scuderi Group employees received $2.9 million in salaries in 2008 to 2011.  Though the company had not generated any revenue, between 2008 and 2011, Salvatore Scuderi authorized the issuance of hundreds of checks totaling $1.6 million as *ad hoc* bonuses to Scuderi family members who were Scuderi Group employees to cover personal expenses.

54.     According to the findings in the SEC Order, between 2008 and 2011, Salvatore Scuderi directed that Scuderi Group make payments totaling more than $330,000 to his mother, the widow of Scuderi Group founder, Carmelo Scuderi.  Scuderi Group had no legal or contractual obligation to make any of these payments.  She was not a Scuderi Group employee, and she provided no services to the company.

55.     According to the findings in the SEC Order, between 2008 and 2011, Salvatore Scuderi also directed that Scuderi Group make payments totaling $240,000 to one of his brothers.  Scuderi Group had no legal or contractual obligation to make any payments to this brother.  During this period, this brother was not an active Scuderi Group employee, and he provided no services to the company.

56.     According to the findings in the SEC Order, at Salvatore Scuderi's direction, Scuderi Group also made over $500,000 in loans to Scuderi family employees in 2010.  These loans were issued without documented interest or repayment terms.  None of these loans have been repaid, in whole or in part.

57.     According to the findings in the SEC Order, at Salvatore Scuderi's direction, Scuderi Group made additional loans that enabled Mr. Scuderi and five of his siblings to pay monthly premiums on $20 million "split-dollar" life insurance policies whose beneficiaries were the Scuderi siblings' personal trusts.  These arrangements provided that the company would be repaid upon the death of an insured, at which time the insurer would make a payment to the beneficiary and the beneficiary would repay the loan they received from the company.  Scuderi Group and Salvatore Scuderi failed to disclose that the company lent more than $605,000 for premiums on insurance policies for Scuderi family members where the only collateral for the loans was the policies themselves.

58.     According to the findings in the SEC Order, after the Scuderi Group subsequently canceled their policies, it lost all the value of its insurance loans when the company decided to stop paying the tens of thousands of dollars in monthly premiums required to protect its collateral by keeping the policies active until the insureds died.

59.     According to the findings in the SEC Order, Scuderi Group, at Salvatore Scuderi's direction, paid more than $230,000 in trust and estate planning expenses for six Scuderi family members, one of whom never worked for the company.

60.     Even though they were labeled as private placements, the PPMs are considered prospectuses under Section 12(a)(2) because they were documents used to soliciting the public to acquire securities and Scuderi Group was required to file a registration statement because the offerings did not qualify for any exemption under the Securities Act.

61.     Scuderi Group and Salvatore Scuderi violated Section 12(a)(2) of the Securities Act and Section 410(a)(2) of the Massachusetts Securities Act, which make it unlawful to sell a security by means of any untrue statement of a material fact or any omission to state a material

fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

62.     Under Section 12(a)(2) of the Securities Act and Section 410(a)(2) of the Massachusetts Securities Action, Plaintiff and the members of the Class and the Classes, may recover from Scuderi Group the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or damages if he no longer owns the security.

**C.     Salvatore Scuderi and the Other Individual Scuderi Defendants Are Control Persons of Scuderi Group.**

63.     As the co-managers of Scuderi Group and officers and directors of the company, the Individual Scuderi Defendants, by reason of their high-level executive positions, were controlling persons of Scuderi Group and had the power and influence, and exercised the same, to cause the Company to engage in the conduct complained of herein.  The Individual Scuderi Defendants were also culpable participants in statutory violations alleged herein.

**D.     Discovery of Violations.**

64.     On or about December 21, 2012, Scuderi Group notified investors, for the first, time that it was under investigation by the SEC and Massachusetts securities regulators.  In the December 21, 2012 update to investors, Scuderi Group disclosed that:

(a)     on June 29, 2011, the company received a request for information from Massachusetts securities regulators about the company's securities offerings, and that it had fully cooperated with these requests;

(b)     on and subsequent to July 6, 2011,  the company had received requests for information from the SEC, that the company had met with SEC staff on several occasions, and fully cooperated with the SEC investigation;

(c)     on September 5, 2012, the SEC sent Scuderi Group a Wells notice, stating that the staff had made a preliminary determination that it did not comply with federal securities law requirements governing the registration of securities offerings and the content of private placement memoranda; and

(d)     the company and its legal counsel disagreed with the SEC's views, were in active discussions with the SEC, were trying to seek resolution, and that the SEC investigation would not prevent the company from moving forward.

65.     Scuderi Group did not provide any details about the nature of any possible violations in the December 21, 2012 investor update.

66.     The SEC commenced the Cease-and-Desist Proceedings on May 30, 2013.  The SEC found that offerings were made in violation of the Securities Act.  As part of the SEC Order, the Scuderi Group was required to "inform every known holder of Scuderi Group securities of the settlement between the Commission, Scuderi Group, and Mr. Scuderi and provide them with a URL where they can review a copy of the Order."

67.     Plaintiff and the members of the Classes did not discover, and could not have, with reasonable diligence, discovered the violations alleged herein, prior to receiving the required notification from Scuderi Group subsequent to May 30, 2013.

## CLASS ACTION ALLEGATIONS

68.     Plaintiff brings this action on his own behalf and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a nationwide class (the "Nationwide Class") consisting of:

> All persons or entities who directly or indirectly purchased preferred units in Scuderi Group between June 13, 2010 and the present.

69.     Plaintiff also brings this action on his own behalf and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Massachusetts class (the "Massachusetts Class") consisting of:

> All persons or entities who directly or indirectly purchased preferred units of Scuderi Group in Massachusetts between January 1, 2004 and the present.

70.     The Nationwide Class and the Massachusetts Class are sometimes collectively referred to as the "Classes."

71.     Excluded from the Classes are Defendants, as well as any affiliated companies, immediate family members of Defendants, or entities they control.

72.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

73.     Each Class is so numerous that joinder of all members is impracticable.   While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, on information and belief there are in excess of 400 members of the Nationwide Class, and in excess of 200 members of the Massachusetts Class.

74.     There are questions of law and fact which are common to the Nationwide Class and Massachusetts Class and which predominate over questions affecting any individual Class member.  The common questions include, *inter alia*, the following:

(a)     Whether Scuderi Group and Salvatore Scuderi violated Sections 5 and 12(a)(1) of the Securities Act by selling unregistered securities for which there was no valid exemption to registration under the Securities Act;

(b)     whether Scuderi Group and Salvatore Scuderi violated Sections 301 and 410(a)(1) of the Massachusetts Securities Act by selling unregistered securities in Massachusetts for which there was no valid exemption to registration under the Massachusetts Securities Act;

(c)       whether Scuderi Group and Salvatore Scuderi offered or sold securities to Plaintiff and members of the Nationwide and Massachusetts Classes by means of untrue statements of material fact and/or omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 12(a)(2) of the Securities Act and Section 410(a)(2) of the Massachusetts Securities Act;

(d)       whether Scuderi Group and Salvatore Scuderi knew, or in the exercise of reasonable care could have known, of the foregoing untrue statements of material fact and/or omissions of material fact pursuant to Section 12(a)(2) of the Securities Act and Section 410(a)(2) of the Act;

(e)       whether Salvatore Scuderi violated Section 410(b) of the Massachusetts Securities Act by materially aiding Scuderi Group's sale of securities to Plaintiff and members of the Massachusetts Class;

(f)       whether Salvatore Scuderi and the other Individual Scuderi Defendants, are control persons of Scuderi Group, and jointly liable with Scuderi Group for its violations of the Securities Act under Section 15 of the Securities Act;

(g)       whether Salvatore Scuderi and the other Individual Scuderi Defendants, are control persons of Scuderi Group, and jointly liable with Scuderi Group for its violations of the Massachusetts Securities Act under Section 410(b) of the Massachusetts Securities Act; and

(h)       whether the sales of preferred units to Massachusetts purchasers in violation of Regulation D are void as against public policy.

75.       Plaintiff's claims are typical of the claims of the other members of the Classes, and Plaintiff does not have any interests adverse to the Classes.

76.     Plaintiff is an adequate representative of the Classes, has retained competent counsel experienced in litigation of this nature and will fairly, and can adequately protect the interests of the Classes.

77.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards of conduct for the party opposing the Classes.

78.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

79.     Defendants have acted on grounds generally applicable to the Classes with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Classes as a whole.

## COUNT I

For Violations of Section 5 and 12(a)(1) of the Securities Act
(Against Scuderi Group and Salvatore Scuderi on Behalf of Plaintiff and the Nationwide Class)

80.     Plaintiff repeats and realleges each allegation set forth herein.

81.     This count is brought pursuant to the Sections 5 and 12(a)(1) of the Securities Act, seeking a judgment requiring Defendants to rescind or retract certain transactions pursuant to which it sold unregistered securities to Plaintiff and the members of the Nationwide Class.

82.     Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l provides that "[a]ny person who offers or sells a security in violation of section 5…shall be liable…to the person purchasing such security from him…to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon tender of such security…."

83.     Defendants Scuderi Group and Salvatore Scuderi offered and sold securities in Scuderi Group to Plaintiff and the members of the Nationwide Class.

84.     By offering and/or selling unregistered securities to Plaintiff and the members of the Nationwide Class, without any proper exemption under Sections 3 or 4 of the Securities Act, 15 U.S.C. §§ 77c and d, Defendants Scuderi Group and Salvatore Scuderi violated Section 5 of the Securities Act, 15 U.S.C. § 77e.

85.     Plaintiff and the members of the Nationwide Class purchased Scuderi Group preferred units and have been damaged thereby.

86.     Pursuant to the Securities Act, Plaintiff and Nationwide Class members are entitled to recover from Defendants the consideration paid for the securities, together with interest thereon from the date of payment, less the amount of any income received on the securities, upon the tender of the security.

## COUNT II

For Violations of Section 12(a)(2) of the Securities Act
(Against Scuderi Group and Salvatore Scuderi on Behalf of Plaintiff and the Nationwide Class)

87.     Plaintiff repeats and realleges each allegation set forth herein.

88.     This count is brought pursuant to the Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), seeking a judgment requiring Defendants to rescind or retract certain transactions pursuant to which it sold securities to Plaintiff and the members of the Nationwide Class in violation of Section.

89.     Section 12(a)(2) of the Securities Act provides that any person who

> (2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraphs (2) and (14) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue

statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission shall be liable, subject to subsection (b) of this section, to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

90. Defendants Scuderi Group and Salvatore Scuderi offered and sold securities in Scuderi Group to Plaintiff and the members of the Nationwide Class.

91. By offering and/or selling securities to Plaintiff and the members of the Nationwide Class through the use of the PPMs by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading, Defendants Scuderi Group and Salvatore Scuderi violated Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l.

92. Plaintiff and the members of the Nationwide Class purchased Scuderi Group preferred units without knowledge of the untrue statements and omissions, and have been damaged thereby.

93. Pursuant to the Securities Act, Plaintiff and Nationwide Class members are entitled to recover from Defendants the consideration paid for the securities, together with interest thereon from the date of payment, less the amount of any income received on the securities, upon the tender of the security.

## COUNT III

For Liability Under Section 15 of the Securities Act
(Against The Individual Scuderi Defendants on Behalf of Plaintiff and the Nationwide Class)

94. Plaintiff repeats and realleges each allegation set forth herein.

95.     Under Section 15 of the Securities Act

Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

96.     The Individual Scuderi Defendants controlled Scuderi Group by virtue of their positions with Scuderi Group and/or influence to cause Scuderi Group to engage in the misconduct alleged herein.  The Individual Scuderi Defendants in fact exercised control over Scuderi Group in connection with Scuderi Group's sale of non-registered, non-exempt securities to Plaintiff and the members of the Nationwide Class.

97.     By virtue of their position as controlling persons of Scuderi Group, and their conduct alleged herein, the Individual Scuderi Defendants are jointly and severally liable to Plaintiff and the Nationwide Class under Counts I and II above.

98.     Accordingly, pursuant to the Securities Act, Plaintiff and Nationwide Class members are entitled to recover from the Individual Scuderi Defendants the consideration paid for the securities, together with interest from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the securities.

## COUNT IV

For Violations of Sections 410(a)(1) and 301 of the Massachusetts Uniform Securities Act
(Against Scuderi Group and Salvatore Scuderi on Behalf of Plaintiff and
the Massachusetts Class)

99.     Plaintiff repeats and realleges each allegation set forth herein.

100.    This count is brought pursuant to the Sections 301 and 410 (a)(1) of the Massachusetts Securities Act, seeking a judgment requiring Defendants to rescind or retract certain transactions pursuant to which it sold unregistered securities to Plaintiff and the members of the Massachusetts Class.

101.    Section 410 (a)(1) of the Massachusetts Securities Act, M.G.L. c. 110A, § 410(a)(1) provides that

> Any person who offers or sells a security in violation of section 301  ... is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six per cent per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security.

102.    Defendants Scuderi Group and Salvatore Scuderi offered and sold securities in Scuderi Group to Plaintiff and the members of the Massachusetts Class.

103.    By offering and/or selling unregistered securities to Plaintiff and the members of the Massachusetts Class, without any proper exemption under Section 402 of the Massachusetts Securities Act, M.G.L. c. 110A, § 402, Defendants Scuderi Group and Salvatore Scuderi violated Section 301 of the Massachusetts Securities Act, M.G.L. c. 110A, § 301.

104.    Plaintiff and the members of the Massachusetts Class purchased Scuderi Group preferred units and have been damaged thereby.

105.    Salvatore Scuderi is also liable under Section 410(b), for aiding and abetting Scuderi Group's sales of unregistered securities in violation of Section 301 and 410(a)(1).

106.    Pursuant to the Massachusetts Securities Act, Plaintiff and Massachusetts Class members are entitled to recover from Defendants the consideration paid for the securities, together with interest thereon at six percent per year from the date of payment, less the amount of any income received on the securities, upon the tender of the security.

## COUNT V

For Violations of Section 410(a)(2) of the Massachusetts Securities Act
(Against Scuderi Group and Salvatore Scuderi on Behalf of Plaintiff
and the Massachusetts Class)

107.    Plaintiff repeats and realleges each allegation set forth herein.

108.    This count is brought pursuant to the Sections 410(a)(2) of the Massachusetts

Securities Act, seeking a judgment requiring Defendants to rescind or retract certain transactions

pursuant to which it sold unregistered securities to Plaintiff and the members of the

Massachusetts Class.

109.    Section 410(a)(2) of the Massachusetts Securities Act provides, in relevant part,

as follows:

> Any person who… offers or sells a security by means of any untrue
> statement of a material fact or any omission to state a material fact
> necessary in order to make the statements made, in the light of the
> circumstances under which they are made, not misleading, the buyer not
> knowing of the untruth or omission, and who does not sustain the burden
> of proof that he did not know, and in the exercise of reasonable care could
> not have known, of the untruth or omission, is liable to the person buying
> the security from him, who may sue either at law or in equity to recover
> the consideration paid for the security, together with interest at six percent
> per year from the date of payment, costs, and reasonable attorneys' fees,
> less the amount of any income received on the security, upon the tender of
> the security….

110.    Defendants Scuderi Group and Salvatore Scuderi offered and sold securities in

Scuderi Group to Plaintiff and the members of the Massachusetts Class.

111.    As described above, in soliciting investors in Massachusetts, Scuderi Group and

Salvatore Scuderi made untrue statements of material fact or omitted material facts necessary to

make the statements made not misleading.

112.    By offering and/or selling securities to Plaintiff and the members of the

Nationwide Class through the use of the PPMs by means of an untrue statement of a material fact

or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading, Defendants Scuderi Group and Salvatore Scuderi violated Section 410 (a)(2) of the Massachusetts Securities Act, M.G.L. c. 110A, § 401(a)(2).

113.    Plaintiff and the members of the Massachusetts Class purchased Scuderi Group preferred units without knowledge of the untrue statements and omissions, and have been damaged thereby.

114.    Salvatore Scuderi is also liable under Section 410(b), for aiding and abetting Scuderi Group's sales of securities in violation of Section 410(a)(2).

115.    Pursuant to the Massachusetts Securities Act, Plaintiff and Massachusetts Class members are entitled to recover from Defendants the consideration paid for the securities, together with interest thereon at six percent per year from the date of payment, less the amount of any income received on the securities, upon the tender of the security.

## COUNT VI

For Liability Under Section 410(b) of the Massachusetts Securities Act
(Against the Individual Scuderi Defendants on behalf of Plaintiff and the Massachusetts Class)

116.    Plaintiff repeats and realleges each allegation set forth herein.

117.    Section 410(b) of the Act, provides, in relevant part, as follows:

> Every person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, … are also liable jointly and severally with and to the same extent as the seller, unless the non-seller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.

118.    As set forth above, Scuderi Group violated Section 301 of the Act.  In particular, Scuderi Group sold securities to Plaintiff and the Class in the Commonwealth that were not registered under Section 301 of the Act, are not exempt under Section 402 and are not federal covered securities.

119.    The Individual Scuderi Defendants, directly or indirectly, controlled Scuderi Group, and served as officers and/or directors of Scuderi Group, or occupied a similar status or performed functions.

120.    The Individual Scuderi Defendants, knew, or in the exercise of reasonable care could have known, of the existence of the facts by reason of which Scuderi Group is liable under the Massachusetts Securities Act.

121.    By virtue of their positions as controlling persons of Scuderi Group, and their conduct alleged herein, the Individual Scuderi Defendants are jointly and severally liable to Plaintiff and the Massachusetts Class under Counts IV and V above.

122.    Accordingly, pursuant to the Massachusetts Securities Act, Plaintiff and Massachusetts Class members are entitled to recover from the Individual Scuderi Defendants the consideration paid for the securities, together with interest at six percent per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the securities.

## **COUNT VII**

(Rescission)

123.    Plaintiff repeats and realleges each allegation set forth herein.

124.    Plaintiff purchased Scuderi Group preferred units which were not registered under the Massachusetts Securities Act, pursuant to PPMs which represented that the units were exempt from registration under the Massachusetts Securities Act.

125.    For the reasons set forth above, the preferred units were not exempt from registration under the Securities Act or Massachusetts Securities Act.

126.    Under *Frishman v. Maginn*, 75 Mass. App. 103 (2009), the sales of unregistered securities in violation of federal and state securities laws are void as against Massachusetts public policy.

127.    Accordingly, the transactions should be rescinded, and Plaintiffs and the Class are entitled to recover the consideration paid for the securities, together with interest from the date of payment, less the amount of any income received on the securities.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the other members of the Nationwide Class and the Massachusetts Class, request that the Court enter judgment against Defendants as follows:

A.    Declaring that this is a properly maintainable class action under Federal Rule of Civil Procedure 23 and declaring Plaintiff to be a proper Class representative;

B.    Awarding Plaintiff and members of the Nationwide Class, the full recovery of the consideration paid for the securities at issue, together with interest from the date of payment, less the amount of any income received on the securities, for violations of the Securities Act;

C.    Awarding Plaintiff and members of the Massachusetts Class, the full recovery of the consideration paid for the securities at issue, together with interest at six percent per year

from the date of payment, less the amount of any income received on the securities, for violations of the Massachusetts Securities Act;

        D.      Holding the Individual Scuderi Defendants jointly and severally liable with Scuderi Group for its violations of the Securities Act and the Massachusetts Securities Act.

        E.      Declaring that the sales of Scuderi Group preferred units to Massachusetts purchasers are void as against public policy, and rescinding such transactions;

        F.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

        G.      Granting such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.


Dated:  June 13, 2013                   By their attorneys:


                              **/s/ Thomas G. Shapiro**
                              Thomas G. Shapiro (BBO # 454680)
                              Michelle Blauner (BBO # 549049)
                              Shapiro Haber & Urmy LLP
                              53 State Street
                              Boston, MA 02109
                              Telephone: (617) 439-3939
                              Facsimile:  (617) 439-0134
                              tshapiro@shulaw.com
                              mblauner@shulaw.com

                              *Attorneys for Plaintiffs*

### Certification of Plaintiff
### Pursuant to Federal Securities Laws

I, _Paul Fournier_, declare under the pains and penalties of perjury as follows:

1.     I have reviewed a Complaint against Scuderi Group, LLC, et al. ("Scuderi"), and authorize a filing of a comparable complaint on my behalf.

2.     I did not purchase my Scuderi preferred units at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws.

3.     I am willing to serve as a representative party on behalf of a class as set forth in the Complaint, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

4.     To the best of my current knowledge, the attached sheet lists all of my purchases and sales in Scuderi preferred units during the Class Period as specified in the Complaint.

5.     During the three-year period preceding the date on which this certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws, except as follows:

6.     I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

7.     The matters stated in this declaration are true to the best of my current knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated   _6-11-13_

_____
(Signature)

_____
(Type or Print Name)

| Date | Series | Preferred Units Purchased | Price Per Unit | Total Purchase Price | Income | Sales | Losses |
|---|---|---|---|---|---|---|---|
| 3/9/2006 | B | 46875* | $1.60 | $75,000.00 | $0.00 | $0.00 | $75,000.00 |
| 3/28/2006 | B | 21875* | $1.60 | $35,000.00 | $0.00 | $0.00 | $35,000.00 |
| 4/24/2006 | B | 21875* | $1.60 | $35,000.00 | $0.00 | $0.00 | $35,000.00 |
| 5/3/2006 | B | 1875* | $1.60 | $3,000.00 | $0.00 | $0.00 | $3,000.00 |
| 1/28/2008 | C | 1000* | $5.60 | $5,600.00 | $0.00 | $0.00 | $5,600.00 |
| 6/17/2009 | C | 90* | $5.60 | $504.00 | $0.00 | $0.00 | $504.00 |
| 2/18/2011 | D | 7,250 | $5.60 | $40,600.00 | $0.00 | $0.00 | $40,600.00 |
| 3/2/2011 | D | 356 | $5.60 | $1,992.20 | $0.00 | $0.00 | $1,992.20 |
| TOTALS | D | 7,606 | $5.60 | $196,696.20 | $0.00 | $0.00 | $196,696.20 |

* These preferred units subsequently split 2:1